IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

SOLOMON ELIJAH SMITH,           )
                                )
                Plaintiff,      )     CIVIL ACTION
                                )
v.                              )     No.  11-3060
                                )
ERIC BELCHER, Commandant,       )
USDB-Fort Leavenworth,          )
                                )
                Defendant.      )
_____ )


**MEMORANDUM AND ORDER**

Before the court are the following:

1. Defendant Eric Belcher's motions to dismiss or in the alternative, for summary judgment and memoranda in support (Docs. 20, 21, 25).

2. Plaintiff Solomon Smith's motion for leave to file an amended complaint (Doc. 23), defendant's response (Doc. 24) and plaintiff's reply (Doc. 27).

For the reasons stated below, defendant's motions are granted and plaintiff's motion is denied.

**1.  INTRODUCTION**

Plaintiff filed this pro se Bivens[1] lawsuit alleging that his Fifth and Eighth Amendment rights were violated by defendant while plaintiff was incarcerated at the United States Disciplinary Barracks (USDB) in Fort Leavenworth, Kansas.  Plaintiff seeks both monetary and

_____

[1] Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971).

punitive damages.  Defendant moves to dismiss pursuant to Fed. R. Civ

P. 12(b)(1).

**2.     PRO SE STATUS**

The court is mindful of plaintiff's pro se status.

> "A pro se litigant's pleadings are to be construed
> liberally and held to a less stringent standard than formal
> pleadings drafted by lawyers." Thus, if a pro se
> plaintiff's complaint can reasonably be read "to state a
> valid claim on which the plaintiff could prevail, [the
> court] should do so despite the plaintiff's failure to cite
> proper legal authority, his confusion of various legal
> theories, his poor syntax and sentence construction, or his
> unfamiliarity with pleading requirements." However, it is
> not "the proper function of the district court to assume
> the role of advocate for the pro se litigant." For that
> reason, the court should not "construct arguments or
> theories for the plaintiff in the absence of any discussion
> of those issues," nor should it "supply additional factual
> allegations to round out a plaintiff's complaint or
> construct a legal theory on plaintiff's behalf." Pro se
> plaintiffs are subject to procedural rules, such as
> deadlines to respond to dispositive motions.

Heffington v. Bush, No. 08-4097-JAR, 2009 WL 151560, *1 (D. Kan. Jan.

22, 2009) (remanded by Heffington v. Bush, No. 09-3052, 2009 WL

1803282 (10th Cir. June 25, 2009) which ordered district court to

dismiss case without prejudice for lack of subject matter

jurisdiction).

Plaintiff did not respond to defendant's motion to dismiss.

Instead, plaintiff filed a motion for leave to amend and a proposed

amended complaint.  (Doc. 23).  On November 29, 2011, the court

ordered plaintiff to file his response to defendant's motion to

dismiss and his reply to his motion for leave to amend.  (Doc. 26).

Plaintiff filed a reply to his motion for leave to amend but failed

to respond to defendant's motion to dismiss.

Under D. Kan. Rule 6.1(d)(2), a response to a motion to dismiss must be filed within 21 days of the initial motion to dismiss, and such 21 days has long since passed.   For that reason alone, defendant's motion is properly granted; nonetheless the court will address the merits of the motion.

**3.   RELEVANT FACTS**

On August 12, 2010, at approximately 7:00 p.m. four maximum security inmates housed in the Special Housing Unit of the USDB overpowered and beat a correctional specialist and locked him inside a shower stall.   The inmates took the correctional specialist's keys released ten other inmates, including plaintiff.   The inmates disabled the security camera and begin to fashion weapons.   They also used mattresses and various tables and carts to barricade the main access door and rear exit door.

At approximately 8:55 p.m. defendant ordered the inmates to return to their cells and offered to speak with them in their cells. The inmates refused to comply with defendant's order.   Defendant repeated the order and again the inmates refused to comply.

Defendant then ordered initiation of the response plan. Defendant first used pepper spray, but the pepper spray could not penetrate the mattresses and other materials covering the main access door.   The response team next breached the main access door and began firing non-lethal shotgun rounds over the inmates' heads in effort to get them to surrender.   Some inmates retreated while others, including plaintiff, rushed the barricade.

Upon being attacked, the response team began to fire directly at the attackers, including plaintiff.   Plaintiff ran directly into the

-3-

shotgun blasts.  He tried to duck and was shot in the head.

Plaintiff was taken to the local hospital and received medical attention and surgery for his injuries.  Plaintiff's medical bills were paid by the United States.  Plaintiff was discharged from the United States Army on August 12, 2011, one year after the incident.

**4.    12(b)(1) STANDARDS**

Plaintiff has the burden to show that the court has subject matter jurisdiction over his claims. <u>U.S. ex rel Stone v. Rockwell Intern. Corp.</u>, 282 F.3d 787, 798 (10th Cir. 2002).

> Generally, Rule 12(b)(1) motions to dismiss for lack of subject matter jurisdiction take two forms. First, a facial attack on the complaint's allegations as to subject matter jurisdiction questions the sufficiency of the complaint. <u>Ohio Nat'l Life Ins. Co. v. United States</u>, 922 F.2d 320, 325 (6th Cir. 1990). In reviewing a facial attack on the complaint, a district court must accept the allegations in the complaint as true. <u>Id.</u>
>
> Second, a party may go beyond allegations contained in the complaint and challenge the facts upon which subject matter jurisdiction depends. <u>Id.</u> When reviewing a factual attack on subject matter jurisdiction, a district court may not presume the truthfulness of the complaint's factual allegations. <u>Id.</u> A court has wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts under Rule 12(b)(1). <u>Id.</u>; <u>Wheeler v. Hurdman</u>, 825 F.2d 257, 259 n. 5 (10th Cir.), <u>cert. denied</u>, 484 U.S. 986, 108 S. Ct. 503, 98 L. Ed. 2d 501 (1987). In such instances, a court's reference to evidence outside the pleadings does not convert the motion to a Rule 56 motion. <u>Wheeler</u>, 825 F.2d at 259 n. 5.

<u>Holt v. United States</u>, 46 F.3d 1000, 1002-03 (10th Cir. 1995).

**5.    ANALYSIS**

Defendant claims that plaintiff's claims are barred by the "incident to service" doctrine established by the United States Supreme Court in <u>Feres v. United States</u>, 340 U.S. 135 (1950).

Under <u>Feres</u>, "the Government is not liable under the Federal Tort

Claims Act for injuries to servicemen where the injuries arise out of or are in the course of activity incident to service." 340 U.S. at 146. The Supreme Court extended the <u>Feres</u> exception to damage actions under <u>Bivens</u>. <u>Chappell v. Wallace</u>, 462 U.S. 296 (1983).

There is no doubt that plaintiff's alleged constitutional injuries occurred "incident to service." The incident occurred on August 12, 2010. Plaintiff was not discharged from active duty from the United States Army until August 12, 2011. These facts are almost identical to those in <u>Walden v. Bartlett</u>, in which the Tenth Circuit held that a military prisoner's "incarceration at the USDB is uniquely part of this military relationship such that it is 'incident' to his military service as established by <u>Feres</u>." 840 F.2d 771, 774 (10th Cir. 1988). Therefore, the court lacks subject matter jurisdiction over plaintiff's claims as they are barred by the incident to service doctrine established by <u>Feres</u> and its progeny.

**6.    CONCLUSION**

Defendant's motions to dismiss (Docs. 20, 25) are granted. Plaintiff's motion for leave to amend his complaint to add additional defendants is denied (Doc. 23) as it would be futile under the <u>Feres</u> doctrine addressed above.

A motion for reconsideration of this order pursuant to this court's Rule 7.3 is not encouraged. Defendant may not move for reconsideration on the basis of arguments which could have been included in a reply. Any such motion shall not exceed three pages and shall strictly comply with the standards enunciated by this court in <u>Comeau v. Rupp</u>. The response to any motion for reconsideration shall

not exceed three pages.  No reply shall be filed.

      IT IS SO ORDERED.

      Dated this   18th   day of January 2012, at Wichita, Kansas.


                          s/ Monti Belot
                          Monti L. Belot
                          UNITED STATES DISTRICT JUDGE